UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TINSLEY, et al., Plaintiffs, v. VIVIAN CHOW, Defendant. | Case No. 25-cv-04675-AMO **ORDER TO SHOW CAUSE** |

Petitioners Scott Tinsley and Jeffrey Oliver commenced this action on June 3, 2025. Dkt. No. 1 (Pet.). As a review of the petition raises concerns about the Court's subject matter jurisdiction, Petitioner Jeffrey Oliver is **ORDERED TO SHOW CAUSE** why he should not be dismissed from this case for lack of Article III standing.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id.* (citations omitted). Article III standing can be raised any time, including by the court of its own volition. *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). To establish standing sufficient to satisfy constitutional requirements, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). Petitioner Oliver has not alleged sufficient facts from

United States District Court
Northern District of California

which the Court can infer *he* suffered a concrete injury for purposes of Article III standing.

Accordingly, by November 19, 2026 Petitioner Oliver is **ORDERED TO SHOW CAUSE** in writing why he should not be dismissed from this action for lack of Article III standing. The response shall not exceed 5 pages. Respondent may file her own response, of no more than 5 pages, by no later than November 30, 2026.

**IT IS SO ORDERED.**

Dated: November 6, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**